1

2

3

4

5

6

7
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

8

9
UNITED STATES OF AMERICA,

Plaintiff,

NOS.  CR-02-2197-RHW
CV-05-3036-RHW

10
v.

11
OSCAR FRANCISCO TORRES,

12
Defendant.

**ORDER DISMISSING
PETITIONER'S MOTION TO
MODIFY AND CORRECT
SENTENCE PURSUANT TO
TITLE 28 U.S.C. § 2255**

13

14      Before the Court is Defendant Oscar Francisco Torres's Motion to Vacate,

15 Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C.

16 § 2255 (Ct. Rec. 40).  The Defendant is currently incarcerated at the Federal

17 Correctional Institution in Stafford, Arizona.  Defendant was convicted of

18 Possession with Intent to Distribute a Controlled Substance, in violation of 21

19 U.S.C. § 841(a)(1) (Ct. Rec. 28), and was sentenced by this Court to 87 months in

20 prison, 3 years' supervised release, and a $100 criminal monetary penalty, on June

21 17, 2003.  The judgment was affirmed by the Ninth Circuit on January 16, 2004

22 (Ct. Rec. 39).

23                                  **DISCUSSION**

24      Under 28 U.S.C. § 2255, a federal prisoner may move the court to vacate, set

25 aside, or correct his or her sentence on the grounds that: (1) the sentence was

26 imposed in violation of the Constitution or laws of the United States; (2) the court

27 was without jurisdiction to impose such sentence; (3) the sentence was not

28 authorized by law; or (4) issues of collateral attack.  "Unless the motion and the

**ORDER DISMISSING MOTION TO MODIFY AND CORRECT
SENTENCE PURSUANT TO TITLE 28 U.S.C. § 2255** ~ 1

1   files and records of the case conclusively show that the prisoner is entitled to no

2   relief, the court shall cause notice thereof to be served upon the United States

3   attorney." 28 U.S.C. § 2255.  Pursuant to Rule 4(b), of the Rules Governing

4   Section 2255 Proceedings in the United States District Courts, the Court may, *sua*

5   *sponte*, dismiss the motion if "it plainly appears from the face of the moving party .

6   . . that the movant is not entitled to relief" in district court.  Defendant's petition is

7   timely under part one of the statute.

8   　　　Defendant is asserting that (1) his constitutional rights under the Sixth

9   Amendment were violated because of ineffective assistance of counsel; and

10  (2) *Booker* should be applied retroactively to reduce his sentence (Ct. Rec. 42).

11  Defendant asks the Court for a modification and correction of his sentence

12  pursuant to 28 U.S.C. § 2255.  In reviewing Defendant's § 2255 petition, it is clear

13  that Defendant is not entitled to relief.

14  **I.    Timeliness of Defendant's Petition**

15  　　　A one-year period of limitation applies to petitions filed under 28 U.S.C.

16  § 2255.  Defendant timely filed his petition on April 8, 2005.

17  **II.   Sixth Amendment Right to Effective Assistance of Counsel**

18  　　　Defendant contends that his sentence was imposed in violation of his Sixth

19  Amendment right to effective assistance of counsel.  Defendant argues that his

20  counsel failed to provide the Court with important mitigating evidence at

21  sentencing that could have lead to downward departures.  Specifically, Defendant

22  asserts that his counsel failed to present evidence regarding Defendant's mitigating

23  role as a minor participation. Defendant also asserts that his counsel failed to argue

24  that federal-state disparity in sentencing violated the Equal Protection Clause.

25  　　　To establish ineffective assistance of counsel, Petitioner must show that

26  counsel "made errors so serious that counsel was not functioning as the 'counsel'

27  guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466

28  U.S. 668, 687 (1984).  Counsel's representation must fall below an objective

**ORDER DISMISSING MOTION TO MODIFY AND CORRECT**
**SENTENCE PURSUANT TO TITLE 28 U.S.C. § 2255** ~ 2

1  standard of reasonableness. *Id*. at 688. Under the two-prong test, Defendant must

2  establish both that his lawyer's performance was deficient and that the deficient

3  performance prejudiced his defense. *Id*. at 687.

4  A deficient performance prejudices a defense if there is "a reasonable

5  probability that, but for counsel's unprofessional errors, the result of the

6  proceeding would have been different." *Strickland,* 466 U.S. at 694; *Hill*, 474 U.S.

7  at 59.  Disagreement with a strategic or tactical decision of counsel is an

8  insufficient basis for a claim of ineffective assistance. *See Guam v. Santos*, 741

9  F.2d 1167, 1169 (9th Cir. 1984).  There is a strong presumption that counsel's

10  conduct falls within the wide range of reasonable professional assistance, or what

11  might be considered sound strategy. *Strickland*, 466 U.S. at 689.

12  **A.    Failure to Request Departure for Mitigating Role of Minor**

13  **Participant at Sentencing**

14  Defendant asserts that his counsel's failure to present all the arguments

15  possible to mitigate his sentence amounts to a deficient performance of counsel.

16  Defendant claims that an argument should have been made in his defense for his

17  minor role, to mitigate his sentence, and that his counsel was deficient in failing to

18  pursue this sentencing adjustment.  Defendant contends that he had a mitigating

19  role of a minor participant, and he believes that he should have received a two-

20  point downward departure for his mitigating role, pursuant to U.S.S.G. § 5C1.2.

21  The Supreme Court has held that there is a "strong presumption that

22  counsel's conduct falls within a wide range of reasonable professional assistance;"

23  thus, a defendant must overcome the presumption that the challenged action might

24  be considered sound strategy. *Strickland,* 466 U.S. at 689.  In the case at hand,

25  counsel's decision not to pursue a downward departure for mitigating role of a

26  minor participant could be construed as "sound strategy."  Defendant in this case

27  stipulated to the facts that he sold methamphetamine to an undercover informant on

28  two occasions.  One sale involved two pounds of methamphetamine.  Upon the

**ORDER DISMISSING MOTION TO MODIFY AND CORRECT
SENTENCE PURSUANT TO TITLE 28 U.S.C. § 2255 ~ 3**

1   search of Defendant's vehicle, task force agents found numerous chemicals and

2   equipment used to manufacture methamphetamine.  These facts would suggest that

3   Defendant's role was not minor, since he was not only distributing

4   methamphetamine, but also producing it.  As such, his counsel's decision not to

5   pursue a downward departure for a mitigating role as minor participant was

6   strategic, not deficient.  Likewise, because the motion would have been

7   unsuccessful, Defendant is unable to show prejudice, as required by *Strickland*.

8        Furthermore, counsel successfully argued for a safety valve, and was granted

9   a two-point downward departure.  "Successful advocacy is not obviously

10  inadequate."  *United States v. Reyes-Platero,* 224 F.3d 1112, 1116 (9th Cir. 2000)

11  (holding that a successfully-argued and granted downward departure established

12  that counsel was not inadequate, even though counsel failed to argue all available

13  avenues for a downward departure).  Under these circumstances, counsel for

14  Defendant was not so inadequate as to deny Defendant his Sixth Amendment right

15  to counsel; therefore, pursuant to Rule 4(b), of the Rules Governing Section 2255

16  Proceedings, he is not entitled to relief under this claim.

17       **B.     Failure to Argue Federal-State Sentencing Disparity Violates the**

18              **Equal Protection Clause**

19       Defendant contends that he was severely prejudiced by his counsel's failure

20  to argue that the disparity between federal and state sentencing violates the Equal

21  Protection Clause.  As noted by the Ninth Circuit in its memorandum decision

22  affirming the sentence imposed by this Court, Defendant's counsel did raise the

23  disparity between the federal and state sentencing at his sentencing hearing with

24  regard to government misconduct.  Defendant correctly notes that the failure to

25  raise the Equal Protection argument at sentencing subjected him to a more stringent

26  standard on appeal.  Even so, if his counsel had raised this argument at sentencing,

27  it would not have been successful under a rational basis standard.  *See  Heller v.*

28  *Doe by Doe,* 509 U.S. 312, 320 (1993); *see also United States v. Williams*, 282

**ORDER DISMISSING MOTION TO MODIFY AND CORRECT**
**SENTENCE PURSUANT TO TITLE 28 U.S.C. § 2255** ~ 4

1 F.3d 679, 682 (9th Cir. 2002) (noting that a downward departure based on federal-

2 state disparities is not prohibited; however, such a disparity does not take such

3 cases outside the Guidelines "heartland." Departure on this basis is not

4 permitted.).

5       In order to establish a violation of the Equal Protection Clause, Defendant

6 must show that application of the Federal Sentencing Guidelines is not rationally

7 related to a legitimate government interest. *See United States v. Litter,* 910 F.3d

8 547, 552 (9th Cir. 1990). He cannot make such a showing, given that the Federal

9 Sentencing Guidelines were enacted for the legitimate governmental purpose of

10 promoting sentencing uniformity among federal courts. *See Williams,* 282 F.3d at

11 682. The failure to make an unsuccessful Equal Protection Clause argument does

12 not amount to ineffective assistance of counsel.

13 **III.    Downward Departure based on *Booker***

14       Defendant asserts that recent case law justifies the Court vacating the

15 sentence imposed and remanding for re-sentencing (Ct. Rec. 42). In making his

16 arguments, Defendant relies on a recent Supreme Court decision that is

17 inapplicable to his case, *United States v. Booker*, 125 S. Ct. 738 (2005). Courts

18 have consistently held that *Booker* should not be applied retroactively to cases on

19 collateral review. *Schardt v. Payne*, 414 F.3d 1025, 1034 (9th Cir. 2005); *Cirilo-*

20 *Munoz v. United States*, 404 F.3d 527, 533 (1st Cir. 2005); *Humphress v. United*

21 *States*, 398 F.3d 855, 860 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d

22 479, 480-81 (7th Cir. 2005); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir.

23 2005). Furthermore, the Supreme Court specifically stated in *Booker* that its

24 holdings apply "to all cases on direct review." 125 S. Ct. at 769. This statement

25 evidences the Supreme Court's intent that *Booker* should not be applied

26 retroactively to cases on collateral review. Since *Booker* was not decided until

27 January 12, 2005, and judgment was final against Defendant on April 16, 2004,

28 any application of the principles set forth in *Booker* would be retroactive. Thus,

**ORDER DISMISSING MOTION TO MODIFY AND CORRECT**
**SENTENCE PURSUANT TO TITLE 28 U.S.C. § 2255** ~ 5

1 | *Booker* is inapplicable to Defendant's petition.

2 | **IV.    Plea Agreement and Immigration Consequences**

3 | Defendant also requests the Court to correct his sentence to consider a

4 | downward departure because his plea agreement was not made knowingly and

5 | voluntarily.  Specifically, Defendant asserts that he was misinformed about the

6 | immigration consequences of entering the plea agreement.  If counsel

7 | misrepresented the immigration consequences of the plea agreement, it is possible

8 | that he may be granted relief under a section 2255 motion to vacate, set aside, or

9 | correct his sentence.  The relief that Defendant would receive, however, would be

10 | the ability to withdraw from his plea.  In his motion, Defendant has made it clear

11 | that this is not the relief he is seeking.  The Court is not aware of any authority to

12 | reduce Defendant's sentence based on the failure of his counsel to accurately

13 | represent the immigration consequences.

14 | Pursuant to Rule 4(b), of the Rules Governing Section 2255 Proceedings in

15 | the United States District Courts, this motion is dismissed because "it plainly

16 | appears from the face of the moving party . . . that the movant is not entitled to

17 | relief" in district court.

18 | Accordingly, **IT IS HEREBY ORDERED**:

19 | 1.    Defendant's Petition to Vacate, Set Aside, or Correct his Sentence in

20 | Federal Custody under 28 U.S.C. § 2255 (Ct. Rec. 40) is **DISMISSED**.

21 | 2.    Defendant's Motion for Production of Duplicate Copies (Ct. Rec. 46) is

22 | **DENIED**.

23 | ///

24 | ///

25 | ///

26 | ///

27 | ///

28 | **IT IS SO ORDERED.**  The District Court Executive is directed to enter this

**ORDER DISMISSING MOTION TO MODIFY AND CORRECT
SENTENCE PURSUANT TO TITLE 28 U.S.C. § 2255 ~ 6**

1   order, provide copies to the Defendant, and **close** the file.

2        **DATED** this 21st day of November, 2005.

s/ ROBERT H. WHALEY
Chief United States District Judge

Q:\CRIMINAL\2002\Torres, Oscar\torres.2255.order.wpd

**ORDER DISMISSING MOTION TO MODIFY AND CORRECT
SENTENCE PURSUANT TO TITLE 28 U.S.C. § 2255** ~ 7